IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
SEP 0 1 2016
Clerk, U.S District Court
District Of Montana
Missoula

| UNITED STATES OF AMERICA, | CV 14–205–M–DWM |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| PAUL A. MCCANN, MARY M. MCCANN, STATE OF MONTANA DEPARTMENT OF REVENUE, CITY OF MISSOULA, CMC CONSTRUCTION, COLLECTION BUREAU SERVICES, INC., and MONTANA LAND PROJECT, LLC, | |
| Defendant. | |

On September 17, 2014, the United States filed affidavits noting service of summons on Defendants CMC Construction, Collection Credit Bureau Services, Inc., and Montana Land Project, LLC ("Defaulted Defendants"), (Docs. 11, 12, 13), and on January 28, 2015, the Clerk of Court entered default against them, (Docs. 28, 29 30). The United States seeks default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure against the Defaulted Defendants. (Doc. 52.) That motion is granted.

1

The Ninth Circuit identified seven factors for courts to consider when deciding whether to award default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As argued by the United States, it will be prejudiced if it is not allowed to proceed with the enforcement of its internal revenue laws. Since default was entered, the well-plead allegations in the Complaint are taken as true, *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), and Defendants Paul and Mary McCann stipulated to the fact they owe the United States $267,707.51, (Doc. 32). The Defaulted Defendants were included in this lawsuit as parties that may have an interest in the real property at issue and, as a result, the United States does not seek money damages from them. Due to the McCanns' stipulation and the later-filed stipulation for entry of judgment and order of foreclosure and judicial sale, (Doc. 51), there is no likelihood that any genuine issue of material fact will remain when default is entered. Because the Defaulted Defendants were properly served, (Docs. 28-30), and have not appeared or responded, excusable neglect seems unlikely. Finally,

2

while there is a policy of favoring decision on the merits "whenever reasonably possible," it is not dispositive. *Eitel*, 782 F.2d at 1472.

Accordingly, IT IS ORDERED that the United States' motion (Doc. 52) is GRANTED. DEFAULT JUDGMENT is entered against CMC Construction, Collection Bureau Services, Inc., and Montana Land Project, LLC. The Defaulted Defendants have failed to plead or otherwise defend this case and are therefore deemed to have admitted the allegations in the United States' Complaint. They have no interest in the real property that is specifically described in Paragraph 10 of the United States' Complaint.

Dated this 1st day of September, 2016.

Donald W. Molloy, District Judge
United States District Court